IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRECIOUS SHAVON SCOTT,

    Plaintiff,

v.                                                      Civil Action No. 5:18CV158
                                                                                         (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
AND DENYING PLAINTIFF'S MOTION TO APPEAL ORDER
DENYING THE MOTION FOR APPOINTMENT OF COUNSEL**

I. Procedural History

The pro se plaintiff, Precious ShaVon Scott ("Scott"), in the above-styled civil action filed a motion for appointment of counsel. ECF No. 22. United States Magistrate Judge Michael John Aloi entered an order denying the plaintiff's motion for appointment of counsel. ECF No. 25. The plaintiff then filed a "Motion to Appeal Order Denying the Motion for Appointment of Counsel." ECF No. 27. For the following reasons, the magistrate judge's order is affirmed and adopted and plaintiff's motion to appeal (ECF No. 27) is denied.

II. Background

The plaintiff filed a motion for appointment of counsel (ECF No. 22) indicating counsel should be appointed in this matter because: (1) counsel would explain legal principles; (2) plaintiff

is inexperienced in legal and trial proceedings; (3) counsel would limit litigation to meritorious issues; (4) plaintiff lacks financial stability and cannot hire a private attorney; (5) if a trial is held, plaintiff is unaware when statutes or regulations create "liberty or property interest[s];" (6) counsel can deal with technical issues; (7) counsel can do better at negotiating a settlement; (8) counsel can determine whether conflicting evidence will be important; and (9) counsel has legal expertise to investigate and determine important facts. Id. at 1-2. Plaintiff then states that she has contacted various agencies, pro bono attorneys, and law firms, and proceeds to list them in the motion. Id. at 2-4.

On January 11, 2019, Magistrate Judge Aloi issued an order denying the plaintiff's motion for appointment of counsel. ECF No. 25.

On January 24, 2019, the plaintiff filed a "Motion to Appeal Order Denying the Motion for Appointment of Counsel." ECF No. 27. In the plaintiff's motion to appeal, which will be construed as a renewed motion to appoint counsel in this case and an objection to the magistrate judge's order denying appointment of counsel, the plaintiff indicates that the matter is "above and outside her level of education." ECF No. 27 at 1. Plaintiff then proceeds to list the obstacles that prevent her from filing on her own in this

matter. Id. Plaintiff Scott also indicates she has been unsuccessful in securing an attorney. Id. at 2.

### III. Applicable Law

Parties may file objections to a magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 354, 68 S. Ct. 525, 92 L.Ed. 746 (1948).

### IV. Discussion

The plaintiff filed a motion for appointment of counsel (ECF No. 22). Magistrate Judge Aloi denied the plaintiff's motion for appointment of counsel. ECF No. 25.

Magistrate Judge Aloi stated that plaintiff has "articulately filed her [c]omplaint, outlining her objections to the ALJ's decision and Appeals Court decision. In [p]laintiff's [c]omplaint, she has adequately outlined the extent of her medical problems, and has not alleged that issues that make [Magistrate Judge Aloi] question [p]laintiff's competency and ability to proceed pro se." Id. at 2. Magistrate Judge Aloi also informed the plaintiff that a jury trial is not required and that by previous order (ECF No.

3

19), the court provided her with detailed instructions for her to file her brief. Id. The magistrate judge concluded that at this time the appointment of counsel is not warranted. Id. The magistrate judge also recognized that he is under a continuing obligation to assess whether counsel should be appointed and may revisit the issue if there is a change in circumstances that requires the appointment of counsel. Id.

This Court finds no clear error in the magistrate judge's conclusion, and thus, affirms and adopts the magistrate judge's order denying the plaintiff's motion for appointment of counsel (ECF No. 25). As indicated in the magistrate judge's order (ECF No. 25), counsel will only be appointed in civil cases in exceptional circumstances. Short v. Commissioner of Social Sec., 2009 WL 4798875 (N.D. W. Va. Dec. 7, 2009) (citing Gore v. Barnhart, 2002 WL 31688907 (5th Cir. Oct. 29, 2002)). Such circumstances have not been demonstrated at this point.

## V. Conclusion

For the foregoing reasons, the magistrate judge's order denying the plaintiff's motion for appointment of counsel (ECF No. 25) is AFFIRMED and ADOPTED. Accordingly, plaintiff's motion to appeal (ECF No. 27), which is construed as a renewed motion to appoint counsel in this case and an objection to the magistrate judge's order denying appointment of counsel, is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    January 29, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE