IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRECIOUS SHAVON SCOTT,

    Plaintiff,

v.                                        Civil Action No. 5:18CV158
                                                    (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.    Background

The pro se plaintiff, Precious S. Scott ("Scott"), filed a complaint in this Court seeking "to obtain judicial review and or to have this matter reassigned to the West Virginia Administrative Law Judge [] for reconsideration of the final decision by the Commissioner of Social Security [] in the state of Louisiana." ECF No. 1-1 at 1. In addition, plaintiff Scott filed a motion to remand, in which she reiterates the claims made in her initial complaint. ECF No. 7. Plaintiff Scott then filed a motion and memorandum to "amend her motion for remand." ECF No. 26. In that motion (ECF No. 26), plaintiff Scott requests:

> 1. That Nancy A Berryhill, Acting Commissioner of Social Security surrenders the medical records obtained from both Claiborne Memorial Medical Center for '2013' located at 620 E College St. Homer, LA 71040 Phone: (318) 927-2024 and acknowledged [p]laintiff's onset of [s]econdary [p]rogressive [m]ultiple [s]clerosis as well as, the [m]edical records from Glenwood Regional Medical Center '2013' at 503 McMilan Rd. West Monroe, LA 71291 Phone: (318)329-4200 which indicates that she was falling.

> 2. The [p]laintiff, [p]rays that her pain and suffering for the time that she was denied benefits is reimbursed with compound interest.
>
> 3. Also reimbursement for the total period of time in which the plaintiff has been sanctioned with compound interest.
>
> 4. Plaintiff request relief from all court costs, fees and any other expenses incurred during litigation.
>
> 5. Plaintiff request reimbursement of expenses. Plaintiff had to relocate from Tucson, Az. to Monroe, LA., with family due to her benefits being sanctioned. She was homeless, because she could no longer afford to pay for housing, vitamin regimen, food, clothing and hygiene products.

Id. at 1. In addition, plaintiff Scott alleges that "she was never aware of a reevaluation process nor was she notified of any appointment to perform the process. It was [not] until a new Social Security employee asked why [p]laintiff continually signed waivers rather than applying for a new case; indicating the diagnoses of [m]ultiple [s]clerosis . . . Due to numerous representatives/supervisors neglecting to properly inform the [p]laintiff of the process/procedures the [p]laintiff signed waivers unnecessarily." Id. at 2. Plaintiff Scott then sets forth the nature of the case and provides a statement of facts, and reiterates her requests for relief. Id. at 2-4.

On January 30, 2019, defendant Nancy A. Berryhill ("Berryhill"), Acting Commissioner of Social Security, filed a response in opposition to plaintiff's motion to amend, wherein defendant Berryhill asserts that: (1) plaintiff improperly seeks to

supplement the administrative record; (2) plaintiff improperly seeks payment for pain and suffering; (3) plaintiff improperly seeks payment for compound interest; (4) plaintiff improperly requests to proceed in forma pauperis; and (5) plaintiff improperly seeks reimbursement of expenses.  ECF No. 30 at 1-5.

Plaintiff Scott did not file a reply to defendant's response in opposition to plaintiff's motion to amend.

For the reasons that follow, this Court denies plaintiff Scott's motion to amend complaint (ECF No. 26).  To the extent all of plaintiff's claims are not allowable under law, they are denied as futile.

II. Discussion

A. Plaintiff Scott improperly seeks to supplement the administrative record.

Title 20, Code of Federal Regulations, Section 404.970 (2017) governs the circumstances under which the Appeals Council is to review a decision of the Administrative Law Judge ("ALJ").  This provision states:

> (a)  The Appeals Council will review a case if —
>
> > (1) There appears to be an abuse of discretion by the administrative law judge;
> >
> > (2) There is an error of law;
> >
> > (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence;

> (4) There is a broad policy or procedural issue that may affect the general public interest; or
>
> (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 404.970

Moreover, 42 U.S.C. § 405(g) states in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

42 U.S.C. § 405(g).

Plaintiff Scott requests that defendant Berryhill "surrender[] the medical records obtained from both Claiborne Memorial Medical Center for '2013' located at 620 E[.] College St. Homer, LA 71040

4

. . . and acknowledge [p]laintiff's onset of [s]econdary [p]rogressive [m]ultiple [s]clerosis as well as, the [m]edical records from Glenwood Regional Medical Center '2013' at 503 McMillan Rd. West Monroe, LA 71291 . . . which indicates that she was falling." ECF No. 26 at 1. However, defendant indicates that such documents are not present in the administrative record. Even if the documents exist, in light of the aforementioned statutory provisions, this Court would deny plaintiff Scott's request to supplement the administrative record since good cause has not been demonstrated. Further, this Court will not obtain and consider other potential sources of medical records that plaintiff Scott has not produced to the agency, since it is the plaintiff who is responsible for "submit[ting] all evidence known . . . that relates to whether or not [she is] . . . disabled. This duty is ongoing and requires [the plaintiff] to disclose any additional related evidence about which [she] become[s] aware. This duty applies at each level of the administrative review process . . . if the evidence relates to the period on or before the date of the administrative law judge hearing decision." See 20 C.F.R. § 404.1512(a).

B. <u>Plaintiff Scott improperly seeks payment for pain and suffering, compound interest, and other expenses</u>.

Nothing in 42 U.S.C. § 7 or 20 C.F.R. § 3 provides the relief plaintiff Scott is seeking. Therefore, plaintiff Scott's requests

5

for payments for pain and suffering, compound interest, and other expenses are denied.

Moreover, defendant is correct in concluding that to the extent that plaintiff Scott's request for compensation for pain and suffering can be construed as arising under the Federal Tort Claims Act ("FTCA"), it is barred since the FTCA requires the plaintiff to exhaust her administrative remedies prior to bringing her claims in federal district court. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

C. Plaintiff Scott improperly requests to proceed in forma pauperis.

As indicated by defendant Berryhill, this Court already granted plaintiff Scott's previous motion to proceed in forma pauperis, thereby permitting plaintiff Scott to proceed without prepayment of costs and fees. See ECF No. 4. To the extent plaintiff Scott seeks payment for all court costs and fees, the proper method to make such a request is through a separate motion,

not through amendment of her complaint. Therefore, plaintiff Scott's request to proceed in forma pauperis is denied.

### III. Conclusion

For the reasons stated above, plaintiff Scott's motion to amend complaint (ECF No. 26) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: February 12, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE