IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRECIOUS SHAVON SCOTT,

    Plaintiff,

v.                                      Civil Action No. 5:18CV158
                                                (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
AND AMENDED REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE THAT MOTION TO REMAND BE DENIED
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.  Background

On September 20, 2018, pro se[1] plaintiff Precious ShaVon Scott ("Scott"), filed a complaint in this Court seeking "to obtain judicial review and/or to have this matter reassigned to the West Virginia Administrative Law Judge [] for reconsideration of the final decision by the Commissioner of Social Security [] in the state of Louisiana." ECF No. 1-1 at 1. In addition, plaintiff Scott filed a motion to remand, in which she reiterated the claims made in her initial complaint. ECF No. 7. Plaintiff Scott then filed a motion and memorandum to "amend her motion for remand," or

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014). The Court must read a pro se plaintiff's allegations in a liberal fashion. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

what is also referred to as plaintiff's motion to amend complaint. ECF No. 26.

On February 12, 2019, this Court entered a memorandum opinion and order denying plaintiff's motion to amend the complaint. In that memorandum opinion and order, this Court first found that plaintiff Scott improperly sought to supplement the administrative record. ECF No. 34 at 3. Specifically, 20 C.F.R. § 404.970 (2017) governs the circumstances under which the Appeals Council is to review a decision of the Administrative Law Judge ("ALJ"). This provision states:

> (a) The Appeals Council will review a case if —
>
> (1) There appears to be an abuse of discretion by the administrative law judge;
>
> (2) There is an error of law;
>
> (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence;
>
> (4) There is a broad policy or procedural issue that may affect the general public interest; or
>
> (5) Subject to paragraph (b) of this section, the Appeals Council received additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 404.970.

Moreover, this Court cited 42 U.S.C. § 405(g) which states in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

This Court found that plaintiff Scott requested documents that were not in the administrative record, and that plaintiff Scott did not demonstrate good cause to supplement the record, assuming such records exist. ECF No. 34 at 5. This Court also found that plaintiff bears the burden to produce the records that relate to whether or not she is disabled. Id.

This Court next found that plaintiff Scott impermissibly sought payment for pain and suffering, compound interest, and other expenses. Id. at 5-6. Specifically, nothing in 42 U.S.C. § 7 or 20 C.F.R. § 3 provides the relief plaintiff Scott is seeking. Moreover, this Court found that to the extent that plaintiff Scott's request for compensation for pain and suffering can be

construed as arising under the Federal Tort Claims Act ("FTCA"), it is barred since the FTCA requires the plaintiff to exhaust her administrative remedies prior to bringing her claims in federal district court.  Id. at 6.

Lastly, this Court held that plaintiff Scott impermissibly requested to proceed in forma pauperis.  Id.

Magistrate Judge Michael John Aloi entered a report and recommendation, recommending that plaintiff's motion to remand (ECF No. 7) be denied for the reasons set forth in the memorandum opinion and order (see ECF No. 34).  Id.  The magistrate judge also entered an amended report and recommendation.  ECF No. 38.  The magistrate judge's recommendation is the same and his recommendation is made on the same basis as the original report and recommendation.  ECF No. 38 at 2.

On March 15, 2019, plaintiff filed a "Motion to Appeal Denial to Remand and/or Request a Waiver of Overpayment."  ECF No. 40.  In this motion, which will be construed by this Court as objections to the magistrate judge's report and recommendation and amended report and recommendation, the plaintiff, by her mother, requests the Court to reconsider the remand and/or grant a waiver of overpayment:

> Due to the Social Security Administration failing to abide by their own law/requirement to perform a medical redetermination 2 months prior to the Plaintiff attaining 18.

> Due to the Adjudication and Review: Decision request not being meet.
>
> Due to the Adjudication and Review: Decision including a statement that the Claimant's/Plaintiff's multiple sclerosis may have been more severe than previously demonstrated by the records. Confirming that there was more to be considered then and now.
>
> The Remand would allow consideration to be given to the fact that the Plaintiff's, family nor friends where ever allow to testify as non-treating evidence as required by the Adjudication and Review, Decision.
>
> Due to the fact that the Plaintiff is severely disabled and has never been properly represented in this case/ matter yet.
>
> Due to the testimony of Beverly K. Majors an impartial vocational expert.
>
> Due to all points brought forth in the brief filed in this Honorable Court.
>
> In each of the prior instances, the attorney has either quit just before a hearing or admitted on recorded that she was not prepared.

ECF No. 40 at 1.

Plaintiff then proceeds to lay out her history and closes her motion. Id. at 2-3.

This Court ordered defendant to file a response to plaintiff's objections to the magistrate judge's amended report and recommendation. ECF No. 41. Defendant filed a response. ECF Nos. 42 and 43.

For the reasons set forth below, the report and recommendation (ECF No. 36) and the amended report and recommendation of the

5

magistrate judge (ECF No. 38) are affirmed and adopted, and the plaintiff's objections (ECF No. 40) are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed objections to the report and recommendations, the magistrate judge's recommendations will be reviewed de novo as to those findings to which the plaintiff objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the plaintiff filed objections to the report and recommendations, the magistrate judge's recommendations will be reviewed de novo.

## III. Discussion

This Court finds that the magistrate judge correctly concluded that the damages plaintiff Scott requested in the original motion to remand (ECF No. 7) are duplicative of the damages requested in the motion to amend complaint (ECF No. 26). See ECF No. 36 at 2.

6

This Court also affirms the reasoning contained in this Court's prior memorandum opinion and order (ECF No. 34).

Moreover, this Court finds that the defendant correctly noted in its response to plaintiff's objections (ECF Nos. 42 and 43) that: (1) plaintiff Scott failed to cite any statute or regulation requiring a medical redetermination two months prior to her attaining the age of eighteen; (2) plaintiff Scott did not provide a level of detail that identifies an agency error; (3) plaintiff Scott seeks to introduce new evidence not before the agency; (4) nothing in plaintiff Scott's earlier pleadings raises the issue that her family and friends were not allowed to testify before the agency and, therefore this issue is waived; (5) plaintiff Scott never alleged that the agency prevented her from entering evidence into the administrative record; (6) alleged damage resulting from possible ineffective assistance of counsel is not properly before this Court; (7) plaintiff Scott has failed to identify any errors in the magistrate judge's report and recommendations or this Court's previous memorandum opinion and order denying plaintiff's motion to amend complaint; and (8) plaintiff Scott must exhaust her administrative remedies before seeking that this Court grant a waiver of overpayment.  See ECF No. 43 at 1-4.

Therefore, this Court adopts and affirms the report and recommendation (ECF No. 36) and the amended report and

recommendation (ECF No. 38), and the plaintiff's objections (ECF No. 40) are overruled.

## IV. Conclusion

For the reasons discussed above, the report and recommendation (ECF No. 36) and the amended report and recommendation of the magistrate judge (ECF No. 38) are AFFIRMED and ADOPTED and the plaintiff's objections (ECF No. 40) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: March 27, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE