IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRECIOUS SHAVON SCOTT,

    Plaintiff,

v.                                        Civil Action No. 5:18CV158
                                                          (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The plaintiff, Precious Shavon Scott, filed a complaint against the Commissioner of Social Security seeking review of a decision denying her claims for supplemental security income benefits. ECF No. ECF No. 1-1 at 1-2. Both the plaintiff and the defendant filed a motion for summary judgment. ECF Nos. 35 and 58.

In the plaintiff's brief, the plaintiff first contends that she was disabled and that when she went to the Social Security Administration office in Arizona, she was informed that her case was closed because she was no longer disabled. ECF No. 35 at 2. She states that she had just been diagnosed with secondary progressive multiple sclerosis, suffers from a variety of medical issues, and is now more disabled than she was when she was first approved for benefits. Id. at 2, 4. She further contends that she was advised each month to sign a "waiver" indicating that she was appealing the

agency's decision to terminate her benefits and that she wants to continue receiving benefits until a final decision is made. Id. The plaintiff states that she eventually stopped receiving any benefits without warning. Id.

The plaintiff next asserts that the administrative law judge ("ALJ") did not correctly account for the dates in question. Id. The plaintiff then "objects and prays the court will make her aware of the non-specific State Agency that found her no longer disable. By providing the full medical report. Neither before nor after turning 18 was the Plaintiff redetermined." Id. Plaintiff also contends that the residual functional capacity assessment was not completed, and that the doctors who evaluated her did not take "this matter, seriously enough to obtain adequate medical records or to sign the forms they completed." Id. The plaintiff also "objects to the treatment received at the Local SSA office in Tucson, AZ." Id. The plaintiff further states that she attempted to seek help for her medical conditions, but her insurance would not provide the necessary coverage. Id. at 4.

The plaintiff states that her attorney was not diligent and did not remain informed of the details of her case. Id. The plaintiff also contends that "[i]t was [the ALJ's] responsibility to obtain emergency room records and or subpoena the doctors, friends and the Plaintiff's family members in effort to satisfy the guidelines set forth by Appeals Council, Mark K. Haydu. In the

2

Order Of Appeals Council Exhibit No. B5A R# 4 of 6 . . . [w]hich [the] ALJ [ ] did not do." Id. at 7.

The plaintiff then presents a "proposed stipulation of facts" and later proceeds in presenting her contentions. Id. at 8-9. The plaintiff explains that there are missing records and so the ALJ's determination was not based on an accurate reflection of her conditions, that she was not adequately represented, and that the doctors who examined her were not properly informed of her conditions and did not properly evaluate her conditions. Id. at 10-12. The plaintiff then concludes by requesting that the Court obtain certain medical records, and for certain "funds to be surrendered to the Plaintiff." Id. at 12.

In contrast, the Commissioner first contends that the ALJ determined that the plaintiff was not engaged in substantial gainful employment, and that she had the severe impairments of depressive disorder, learning disorder, and multiple sclerosis. ECF No. 59 at 7. However, the Commissioner states that the plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of a listing level impairment. Id. The Commissioner then notes that the ALJ determined that the plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work, and that the ALJ also determined that the plaintiff had no past relevant work to which she could return. Id.

Second, the Commissioner contends that the ALJ complied with the instructions from the Appeals Council Remand Order to consider new evidence submitted by the plaintiff as part of her administrative appeal. Id. at 9. Specifically, the Commissioner contends that the ALJ complied with the order by: (1) evaluating all of the new and existing medical opinion evidence and using it to establish the RFC; (2) finding that the plaintiff had multiple sclerosis and considering the symptoms associated with that diagnosis, including whether the symptoms the plaintiff complained of were corroborated by the treatment notes, and whether her symptoms improved when she was treated and when she complied with her medication regimen; (3) by obtaining vocational expert testimony; (4) by holding a new hearing; and (5) and by issuing a new decision. Id. at 9-14.

Third, the Commissioner asserts that the ALJ adequately informed the plaintiff of her right to counsel, notifying her that she could postpone certain hearings in order to retain an attorney, and stating that she may qualify for free legal services and that the agency could provide attorney referral numbers. Id. at 15. The Commissioner states that the plaintiff elected to proceed with at times without an attorney, and that the ALJ took various measures to ensure development of the record. Id. at 15-16. The Commissioner then states that the plaintiff blames the ALJ for not obtaining certain medical records, but the plaintiff is the one who failed to

4

put forth any evidence that she requested assistance and that the agency did not answer her need for assistance. Id. at 16.

Fourth, the Commissioner asserts that the plaintiff's potential claim for ineffective assistance of counsel is misplaced since nothing in the Social Security Act or Regulations creates a cause of action against the agency for ineffective assistance of counsel. Id. at 17.

Fifth, the Commissioner contends that the agency performed the redetermination in a timely manner, within one year of the plaintiff turning 18 years old, pursuant to the regulations. Id. Moreover, the Commissioner states that even if the plaintiff could demonstrate some technical timing error, she has failed to show any unfair prejudice stemming from that error that prevented her from introducing evidence or otherwise limited her claim. Id.

Sixth, the Commissioner asserts that the ALJ adequately developed the record by securing two consultative examinations. Id. The Commissioner notes that although the plaintiff claims that there are records in existence that are not submitted to the agency, it is the plaintiff's burden of production and not the ALJ's duty to gather evidence. Id. The Commissioner also states that the plaintiff was never prevented in entering evidence into the administrative record. Id. at 19-20. Moreover, the Commissioner maintains that although there may be hurdles in obtaining care or securing a doctor relationship with a preferred provider, those

reasons do not determine whether the agency performed its duty in developing the record. Id. at 20.

Seventh, the Commissioner asserts that substantial evidence supports the period of non-disability. Id. at 20-22.

United States Magistrate Judge Michael John Aloi issued a report and recommendation recommending that the defendant's motion for summary judgment be granted in full, the plaintiff's motion for summary judgment be denied, the ruling of the Commissioner be affirmed, and that this civil action be dismissed with prejudice. ECF No. 65 at 57. Neither party filed objections.[1]

For the reasons discussed below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of a magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held: "Under the Social Security Act, [a reviewing court] must

---

[1]This Court notes that the plaintiff received the magistrate judge's report and recommendation by certified mail and that she accepted service on August 1, 2019. See ECF No. 66.

uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record and the parties' filings, this Court finds that because the parties did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation.

7

In making his recommendations, the magistrate judge correctly found that the ALJ considered the plaintiff's testimony, medical notes, and non-medical statements that were provided in the record. Id. at 42-43. The magistrate judge properly noted that the ALJ gave little weight to the State agency medical examiners who determined that there was no severe physical impairment, and completely discounted the medical opinions and evaluations of certain examiners who found that the plaintiff's mental disorders were not severe and those who did not determine that the plaintiff had a physical impairment. Id. at 43. The magistrate judge further correctly noted that the ALJ did not find that the plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be entirely consistent with the medical evidence and other evidence in the record. Id. The magistrate judge properly found that the ALJ obtained supplemental testimony when necessary, that the ALJ adequately and thoroughly discussed the plaintiff's testimony and conclusion, considered all of the medical records, and redetermined her RTC in consideration of new medical records. Id. at 43-47. Therefore, the magistrate judge properly concluded that the ALJ complied with the requirements of the Remand Order, that the ALJ's decision was based on substantial evidence, and that the plaintiff did not demonstrate that the determination was not based on substantial evidence. Id. at 47.

The magistrate judge also correctly found that the plaintiff was properly informed by the ALJ of her ability to be represented by counsel, and that the ALJ informed the plaintiff that she could postpone a hearing to discuss her case with counsel. Id. at 48-50. Moreover, the magistrate judge correctly determined that the plaintiff was adequately represented by counsel when she did obtain counsel. Id. at 50-51.

Moreover, the magistrate judge properly addressed whether the ALJ adequately developed the record. Id. at 51. Specifically, the magistrate judge correctly found that the ALJ reviewed background information, inquired into the plaintiff's abilities to perform everyday tasks, inquired into her medications and ailments associated with her diagnoses, questioned her about doctor visits, and questioned her about missing redetermination evaluation appointments. Id. at 52-53. The magistrate judge properly noted that various medical records were obtained and made part of the Record, that the ALJ thoroughly questioned the plaintiff and sought out missing medical records, and sent the plaintiff to a reevaluation appointment. Id. at 54. Ultimately, this Court finds that the magistrate judge properly determined that the ALJ adequately developed the record. Id. at 55.

Lastly, the magistrate judge correctly found that the plaintiff failed to attend the redetermination and that this triggered the cancellation of her benefits. Id. at 56. Moreover,

9

the magistrate judge properly stated that the plaintiff's failure to show up for appointments was the reason the redetermination took so long. Id. Lastly, the magistrate judge correctly concluded that the plaintiff was not prejudiced by a later determination and that her claim that the agency did not comply with regulations to redetermine a claimant two months prior to his or her 18th birthday is not supported by the regulations nor is substantiated by the facts in this case. Id. at 56-57.

After reviewing the record and the parties' filings, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge. United States Gypsum Co., 333 U.S. at 395. This Court finds no clear error in any of the above determinations of the magistrate judge and thus upholds his rulings. Therefore, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 65) is AFFIRMED and ADOPTED. Therefore, the defendant's motion for summary judgment (ECF No. 58) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 35) is DENIED, and the Commissioner's decision is AFFIRMED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. ECF No. 22 at 17-18. Because both parties failed to object, both the defendant and the plaintiff have waived the right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE